IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01622-SKC

JOEL ALEJANDRO RAMIREZ SALCEDO,

     Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

     Respondents.

---

**ORDER**

---

Petitioner Joel Alejandro Ramirez Salcedo is a citizen of Venezuela who is currently being detained at the Aurora Contract Detention Facility. Dkt. 1, ¶15. He was admitted to the United States on May 12, 2015, under a tourism visa and was authorized to remain until November 7, 2015. *Id.* ¶23. Petitioner, however, did not leave the United States and has since remained in the country for nearly 11 years. *Id.* ¶24.

On March 26, 2026, while driving in Wyoming for work, Petitioner encountered ICE during a routine traffic stop. *Id.* ¶24. After Petitioner admitted he did not have authorization to be in the country, ICE officers took him into custody under an administrative warrant. Dkt. 10-1, ¶7. Petitioner then moved for a custody redetermination and was given a bond hearing on April 7, 2026, wherein he presented

evidence supporting his request for release. Dkt. 1, ¶¶31-32. According to the Petition, counsel for DHS focused solely on isolated traffic violations, including a warrant being issued for Petitioner's arrest based on a failure to appear. *Id.* ¶32. Immediately following the hearing, the Immigration Judge (IJ) denied bond and issued a written order stating only: "Denied, because Extreme Flight Risk." Dkt. 1-2, p.257. Although he reserved his right to appeal the matter to the Board of Immigration Appeals (BIA), Petitioner has apparently not yet done so. *Id.* p.258.

Mr. Ramirez Salcedo filed his Petition for Writ of Habeas Corpus eight days later seeking an order from this Court directing Respondents to affect his immediate release or provide him a new custody redetermination "before a neutral adjudicator, with a reasoned written decision that meaningfully addresses the evidentiary record and the governing custody factors." Dkt. 1, p.31. He contends the IJ's order violates, *inter alia*, the Immigration and Nationality Act, the Due Process Clause, and the Administrative Procedures Act. Dkt. 1. The Court ordered Respondents[1] to respond to the Petition within three days of service and show cause why it should not be granted. Dkt. 4. Respondents filed their Answer to the Petition on April 27, 2026. Dkt. 11.

The Court has jurisdiction over this matter under Section 2241 of Title 28,

---

[1] "Respondents" refers to Markwayne Mullin, the Secretary of the United States Department of Homeland Security; Todd Blanche, the Acting United States Attorney General; Todd Lyons, the Acting Director of ICE; the Director of the Denver ICE Field Office; the Warden of the Aurora Contract ICE Detention Center; the Executive Office for Immigration Review; and ICE.

which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id*. Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

The Court has considered the Petition, the Answer, the Reply, the various attachments, and the governing law. Because Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court DENIES the Petition WITHOUT PREJUDICE.

## ANALYSIS

In their Answer, Respondents argue, among other things, that the Court lacks jurisdiction over this matter because Plaintiff seeks review of the IJ's bond denial. Dkt. 10, pp.6-7. To be sure, if Petitioner is asking this Court to reweigh the evidence before the IJ and evaluate the outcome of the bond hearing, such a claim would be prohibited. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the

3

detention of any alien or the revocation or denial of bond or parole.").[2] But Petitioner contends Respondents mischaracterize his claims and argues he is challenging the validity and constitutionality of the process by which he came to be detained. Dkt. 11, p.3. The Court *does* have jurisdiction to address that claim. *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Respondents also contend this Court should deny the application because Petitioner has not exhausted his administrative remedies. Dkt. 10, pp.7-9. Mr. Ramirez Salcedo believes he should be excused from any exhaustion requirement because administrative review would purportedly be futile. Dkt. 1, pp.3-4. The Court, however, agrees with Respondents that the substantive dispute in this case warrants exhaustion.

Although exhaustion is not statutorily mandated in this matter, it nevertheless exists as a "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). Where Congress has not prescribed exhaustion, "sound judicial discretion governs." *Id*. at 144 (citing *McGee v. United States*, 402 U.S. 479, 483, n. 6 (1971)). *See also Patsy v. Board of Regents of Florida*, 457 U.S. 496, 518 (1982) (WHITE, J., concurring in part) ("[E]xhaustion is 'a rule of judicial administration,' ... and unless Congress directs otherwise, rightfully subject to crafting by judges")). Only in the limited exception where a petitioner can demonstrate that it would be

---

[2] There is no dispute that Petitioner is detained under § 1226.

futile should exhaustion be excused. *Garza v. Davis*, 596 F.3d 1198, 1204-05 (10th Cir. 2010).

Petitioner contends that his bond denial violated due process because it was arbitrary and the IJ failed to provide a meaningful individualized custody determination. Dkt. 1, pp.9-13. Because the IJ's Order stated only, "Denied, because Extreme Flight Risk," Petitioner argues that the IJ did not properly evaluate the evidence—specifically his evidence that he is not a flight risk.

But it is not clear that the IJ's denial is, in fact, without reasoning or findings. Considering the record before it, the most this Court can conclude is that "Extreme Flight Risk" was the IJ's conclusion based on the evidence presented at the hearing. To be sure, Petitioner acknowledges that if he were to appeal the decision to the BIA, the IJ would then produce a written opinion supporting the bond decision. Dkt. 11, p.4. *See also Executive Office for Immigration Review Policy Manual*, Chapter 8.3(e)(7) ("Usually, the Immigration Judge's decision is rendered orally. If either party appeals, the Immigration Judge prepares a written decision based on notes from the hearing, however the record will not be transcribed."), *available at* https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last visited May 6, 2026). Because Petitioner argues that the IJ's Order is arbitrary and without support, prudence counsels that the IJ must first be given the opportunity to produce a more detailed order and provide her reasoning. To address Petitioner's arguments without the IJ's written decision puts the proverbial cart before the horse.

And the Court is not persuaded by Petitioner's contention that the BIA is simply a "cog in the wheel" of the Executive Branch, and therefore exhaustion would be futile. Dkt. 11, pp.4-5. While this might later prove true, without any evidence now to support his suggestion that the BIA's ruling is predetermined, Petitioner's argument is pure speculation. The purpose of exhaustion is "to give the agency the opportunity to correct its own errors." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)). Under the circumstances of this case, the Court concludes the appropriate next step is for Mr. Ramirez Salcedo to pursue an appeal with the Board of Immigration Appeals.

\*      \*      \*

For the reasons shared above, Joel Alejandro Ramirez Salcedo's Petition for Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

DATED: May 6, 2026.

BY THE COURT

S. Kato Crews
United States District Judge

6